FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
*   NOVEMBER 28, 2023   *
BROOKLYN OFFICE

KTF:RSB
F. #2023R00300

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

JUSTINNA BOATWRIGHT,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

THE GRAND JURY CHARGES:

I N D I C T M E N T

Cr. No. 23-CR-488

(T. 18, U.S.C., §§ 371, 922(a)(1)(A),
922(a)(3), 922(k), 924(a)(1)(B),
924(a)(1)(D), 924(d)(1), 933(a)(1),
933(a)(2), 933(a)(3), 933(b), 934(a), 2
and 3551 et seq.; T. 21, U.S.C., § 853(p);
T. 28, U.S.C., § 2461(c))

Judge Dora Lizette Irizarry
Magistrate Judge James R. Cho

COUNT ONE
(Unlicensed Firearms Dealing)

1.     In or about and between October 2022 and December 2022, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JUSTINNA BOATWRIGHT, together with others, not being a licensed importer, licensed manufacturer or licensed dealer of firearms, did knowingly and intentionally engage in the business of dealing in firearms, and in the course of such business did ship, transport and receive one or more firearms in interstate and foreign commerce.

(Title 18, United States Code, Sections 922(a)(1)(A), 924(a)(1)(D), 2 and 3551 et seq.)

COUNT TWO
(Possession of a Defaced Firearm – Browning 22)

2.     On or about October 25, 2022, within the Eastern District of New York and elsewhere, the defendant JUSTINNA BOATWRIGHT, together with others, did knowingly and intentionally possess a firearm, to wit: a Browning 22 Long Rifle pistol, knowing that such

firearm had the manufacturer's serial number removed, obliterated and altered, and which firearm had been shipped and transported in interstate commerce.

(Title 18, United States Code, Sections 922(k), 924(a)(1)(B), 2 and 3551 et seq.)

## COUNT THREE
### (Possession of a Defaced Firearm – Glock 22)

3.       On or about November 2, 2022, within the Eastern District of New York and elsewhere, the defendant JUSTINNA BOATWRIGHT, together with others, did knowingly and intentionally possess a firearm, to wit: a Glock 22 caliber pistol, knowing that such firearm had the manufacturer's serial number removed, obliterated and altered, and which firearm had been shipped and transported in interstate commerce.

(Title 18, United States Code, Sections 922(k), 924(a)(1)(B), 2 and 3551 et seq.)

## COUNT FOUR
### (Firearms Trafficking Conspiracy)

4.       In or about and between November 2022 and December 2022, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JUSTINNA BOATWRIGHT, together with others, did knowingly and intentionally conspire and agree to (a) ship, transport, transfer, cause to be transported and otherwise dispose of one or more firearms to another person, in and affecting interstate and foreign commerce, knowing and having reasonable cause to believe that the use, carrying and possession of a firearm by the recipient would constitute a felony; and (b) receive from another person one or more firearms, in and affecting interstate and foreign commerce, knowing or having reasonable cause to believe that such receipt would constitute a felony, contrary to Title 18, United States Code, Sections 933(a)(1) and 933(a)(2).

(Title 18, United States Code, Sections 933(a)(3), 933(b) and 3551 et seq.)

## COUNT FIVE
(Firearms Trafficking Conspiracy)

5.     In or about and between November 2022 and December 2022, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JUSTINNA BOATWRIGHT, together with others, did knowingly and willfully conspire to engage in the business of dealing in firearms without being licensed importers, licensed manufacturers or licensed dealers, and in the course of such business, to ship, transport and receive one or more firearms in interstate and foreign commerce, contrary to Title 18, United States Code, Section 922(a)(1)(A).

6.     In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendant JUSTINNA BOATWRIGHT, together with others, committed an caused to be committed, among others, the following:

## OVERT ACTS

(a)     On or about December 6, 2022, BOATWRIGHT sold a Taurus 9mm G2c firearm to an undercover law enforcement officer (the "UC") in Brooklyn, New York.

(b)     On or about December 6, 2022, BOATWRIGHT sold a Smith & Wesson 380 caliber M&P Bodyguard firearm to the UC in Brooklyn, New York.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

## COUNT SIX
(Firearms Trafficking)

7.     In or about and between November 2022 and December 2022, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JUSTINNA BOATWRIGHT, together with others, did knowingly and intentionally (a) ship, transport, transfer, cause to be transported and otherwise dispose of one or more firearms to another person, in and affecting interstate and foreign commerce, knowing and

having reasonable cause to believe that the use, carrying and possession of a firearm by the recipient would constitute a felony; and (b) receive from another person one or more firearms, in and affecting interstate and foreign commerce, knowing or having reasonable cause to believe that such receipt would constitute a felony.

(Title 18, United States Code, Sections 933(a)(1), 933(a)(2), 933(b), 2 and 3551 et seq.)

COUNT SEVEN
(Illegal Interstate Transport or Receipt of Firearm Acquired Out of State)

8.     In or about December 2022, within the Eastern District of New York and elsewhere, the defendant JUSTINNA BOATWRIGHT, together with others, not being a licensed importer, licensed manufacturer or licensed dealer of firearms, did knowingly and intentionally transport into or receive in the state where BOATWRIGHT resides, to wit: New York, any firearm purchased or otherwise obtained by such person outside that state.

(Title 18, United States Code, Sections 922(a)(3), 924(a)(1)(D), 2 and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS ONE THROUGH THREE AND SEVEN

9.     The United States hereby gives notice to the defendant that, upon her conviction of any of the offenses charged in Counts One through Three and Seven, the government will seek forfeiture in accordance with Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), which require the forfeiture of any

firearm or ammunition involved in or used in any knowing violation of Title 18, United States Code, Section 922 or Section 924.

          10.    If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

          (a)    cannot be located upon the exercise of due diligence;

          (b)    has been transferred or sold to, or deposited with, a third party;

          (c)    has been placed beyond the jurisdiction of the court;

          (d)    has been substantially diminished in value; or

          (e)    has been commingled with other property which cannot be divided

without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

          (Title 18, United States Code, Section 924(d)(1); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS FOUR THROUGH SIX

          11.    The United States hereby gives notice to the defendant that, upon her conviction of any of the offenses charged in Counts Four through Six, the government will seek forfeiture in accordance with Title 18, United States Code, Section 934(a) and Title 28, United States Code, Section 2461(c), which require the forfeiture of: (a) any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as the result of such

6

offenses; and (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses.

12.     If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be divided

without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 934(a); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

*Mary Beth Glickman*

/FOREPERSON

*By Carolyn Pokorny, Assistant U.S. Attorney*

BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.#: 2023R00300

FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

### EASTERN *District of* NEW YORK

### CRIMINAL DIVISION

## THE UNITED STATES OF AMERICA

*vs.*

## JUSTINNA BOATWRIGHT,

Defendant.

# INDICTMENT

(T. 18, U.S.C., §§ 371, 922(a)(1)(A), 922(a)(3), 922(k), 924(a)(1)(B),
924(a)(1)(D), 933(a)(1), 933(a)(2), 933(a)(3), 933(b), 934(a)2 and 3551 et seq.)

*A true bill.*

*Mary Beth Glickman*

*Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____ *Clerk*

*Bail, $* _____

_____

*Raffaela Belizaire, Assistant U.S. Attorney (718) 254-6295*